```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                        CHARLOTTE DIVISION
                         3:08CV188-02-MU
```

CHARLES E. HINTON,              )
    Plaintiff,              )
                            )
    v.                      )        <u>ORDER</u>
                            )
JOHN BURRIS, Lead Officer at    )
  the Piedmont Correctional     )
  Institution;                  )
JOHN HART, Sergeant at the      )
  Piedmont Correctional Insti-  )
  tution; and                   )
TODD W. PINION, Superinten-     )
  dent at the Piedmont Correc-  )
  tional Institution,           )
    Defendants.             )
_____ )

    **THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint brought under 42 U.S.C. §1983, filed April 28, 2008. For the reasons stated herein, this Complaint will be <u>dismissed</u> without prejudice.

    The gist of Plaintiff's Complaint is that upon his arrival at the Piedmont Correctional Institution's "processing facility" on March 12, 2008, Defendant Burris refused to allow him to keep possession of certain of his personal belongings, including some legal books and documents. Plaintiff alleges that on that occasion, Burris and Defendant Hart advised him that he either would have to box up the materials and send them home, or they would be

destroyed.  Curiously, Plaintiff's Complaint further reports that he filed a grievance concerning those matters, and the "Step One Unit Response by the Superintendent ruled in [his] favor and had [his] books returned to him on April 21, 2008 . . . ."  Nevertheless, Plaintiff has brought this federal law suit against the Superintendent and the correctional officers, seeking thousands of dollars in compensatory and punitive damages, and seeking an order that certain policies be changed concerning the issuance of rule books to inmates and other matters.

Notwithstanding that it does not even appear that Plaintiff can state a cognizable claim for relief on the basis of the foregoing matters, there is another critical reason why he <u>cannot</u> bring this action before this Court.

Indeed, the Piedmont Correctional Institution of Salisbury, North Carolina, where these incidents allegedly occurred and where defendants reportedly are employed, is situated within the Middle District of North Carolina.  Likewise, all Defendants likely reside within that judicial district.  Thus, this Court is not the proper venue in which to bring the instant Complaint. <u>See</u> 28 U.S.C. §1391(b) (explaining venue in cases based upon federal question jurisdiction).

Based upon the foregoing, the Court concludes that Plaintiff's Complaint should be dismissed without prejudice so that he can decide whether or not to re-file it in the proper judicial district.  <u>See</u> 28 U.S.C. §1406(a) (a district court which lacks

venue may dismiss or, if in the interest of justice, transfer an action to a district in which venue is proper); see also Gold-lawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962); Hohensee v. News Syndicate, Inc., 369 U.S. 659 (1962); and Porter v. Groat, 840 F.2d 255, 258 (4th Cir. 1988).

**NOW, THEREFORE, IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** to his right to re-file this action in the proper division of the United States District Court for the Middle District of North Carolina.

**SO ORDERED.**

Signed: May 1, 2008

Graham C. Mullen
United States District Judge